UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERISURE MUTUAL
INSURANCE COMPANY,

    Plaintiff,

v.                              Case No.: 2:23-cv-67-SPC-NPM

MAMMOTH CONSTUCTORS,
LLC and BOARD OF COUNTY
COMMISSIONERS OF COLLIER
COUNTY,

    Defendants.
_____/

# **ORDER**[1]

Before the Court is Plaintiff Amerisure Mutual Insurance Company's Complaint, in which it seeks declarations about an insurance policy at issue in an underlying state court suit. (Doc. 1).

Because Plaintiff brings this diversity action, it has the burden on jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). Proceeding in federal court, it must show the parties are completely diverse with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). And

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

district courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Plaintiff has not properly plead the citizenship of Defendant Mammoth Constructors, LLC to show the requisite diversity. A limited liability company— like Mammoth—is a citizen of every state in which one of its members is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). So each LLC member must be diverse. Because a limited liability company is a citizen of every member's state, a pleading must identify each of its members and their citizenship. *Rolling Greens*, 374 F.3d at 1022 (stating a "party must list the citizenships of all the members of the" LLC). The Complaint here doesn't do so.

For Mammoth, the Complaint only alleges the principal address and its registered agent's location. That's not enough. Without identifying Mammoth's members and their domiciles, the Court cannot conclude diversity exists. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (explaining difference between residence and citizenship (i.e., domicile)). So the Complaint is dismissed without prejudice, and Plaintiff may amend to adequately plead subject-matter jurisdiction. *See* 28 U.S.C § 1653.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Plaintiff may **FILE** an amended complaint on or before **February 10, 2023**. **Failure to do so will cause the Court to close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 3, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record