UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERISURE MUTUAL
INSURANCE COMPANY,

    Plaintiff,

v.                              Case No.:  2:23-cv-67-SPC-NPM

MAMMOTH CONSTUCTORS,
LLC and BOARD OF COUNTY
COMMISSIONERS OF COLLIER
COUNTY,

    Defendants.

_____/

## **ORDER**[1]

Before the Court is Plaintiff Amerisure Mutual Insurance Company's Amended Complaint for a declaratory judgment stemming from an insurance dispute.  (Doc. 8).  The Court dismissed the original complaint for lack of subject matter jurisdiction.  (Doc. 6).  For the initial pleading, Plaintiff did not show complete diversity because it did not identify the members of Defendant Mammoth Constructors, LLC's citizenships or domiciles.  (Doc. 6).  In dismissing, the Court explained how Plaintiff could fix the jurisdictional defects.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Plaintiff has tried again.  But the Amended Complaint still fails to show complete diversity.  The Amended Complaint alleges Mammoth has two members, "Harold James Ordway" and "Kevin Gerard Rodrique (sic)," and lists their personal addresses.  (Doc. 8 at ¶ 2).  But the addresses only establish the members' residencies—not their citizenships nor domiciles.  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence.").  And residency is not enough for diversity jurisdiction.  Instead, a person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Because the Complaint still fails to plead complete diversity of the parties' citizenship, the Court must dismiss this action for lack of subject-matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. The Amended Complaint (Doc. 6) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 7, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record